[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Charles E. Watts appeals from a judgment of the Montgomery County Court of Common Pleas, which found that he was a sexual predator pursuant to R.C. 2950.09(B).
The facts and procedural history are as follows.
On April 24, 1997, Watts was indicted on seventeen counts involving his minor step-daughter: seven counts of forcible rape, four counts of rape of a minor under age thirteen, three counts of forcible gross sexual imposition, one count of gross sexual imposition of a minor under age thirteen, one count of forcible felonious sexual penetration, and one count of forcible felonious sexual penetration of a minor under age thirteen. The alleged offenses occurred between May 30, 1990 and March 11, 1997.
Pursuant to plea negotiations, Watts initially entered a guilty plea to one count of rape of a minor under age thirteen in exchange for the state's dismissal of the remaining counts. The trial court scheduled a sexual predator and sentencing hearing. At the hearing, the trial court vacated the prior guilty plea at Watts' request and accepted a guilty plea to one count of forcible rape instead. Watts had requested this change because a conviction for forcible rape, which was alleged to have occurred after July 1, 1996, fell within the definite sentencing scheme created by Am.Sub. S.B. 2 ("Senate Bill 2"), whereas a conviction for rape of a minor under age thirteen, alleged to have occurred prior to July 1, 1996, would have resulted in an indefinite sentence. The remaining counts were dismissed. The trial court sentenced Watts to six years of incarceration and found that Watts was a sexual predator.
Watts appeals from the trial court's judgment insofar as it found that he was a sexual predator. He asserts one assignment of error on appeal.
 THE TRIAL COURT ERRED IN FINDING THE DEFENDANT-APPELLANT TO BE A SEXUAL PREDATOR BY CLEAR AND CONVINCING EVIDENCE, PURSUANT TO R.C. § 2950.
Watts claims that the state failed to establish by clear and convincing evidence that he was a sexual predator based on the criteria set forth in R.C. 2950.09(B)(2). Specifically, he attacks a probation officer's testimony and the fact that the state offered no expert testimony to explain how the R.C. 2950.09(B)(2) criteria had demonstrated the likelihood of repeat offenses in his case.
R.C. 2950.09(B)(2) requires a judge to consider all relevant factors in determining whether an offender is a sexual predator, including but not limited to the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which the sentence is to be imposed;
 (d) Whether the sexually oriented offenses for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in the sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse.
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
The evidence presented by the state to prove that Watts was a sexual predator was as follows. Probation Officer Michael Hurt testified to his opinion, based on the statutory factors, that Watt was a sexual predator. Hurt testified that, in making his recommendation to the court, he had relied on the state attorney general's opinion that sexually violent offenses should be strongly considered for a sexual predator recommendation. Hurt also stated that his recommendation was based upon the length of time over which the offenses had occurred. When Hurt was questioned about the proof underlying his conclusion that the offenses had occurred over a period of time, Hurt admitted that this fact had not been proven, but stated that his recommendation would nonetheless be the same because of the violent nature of Watts' offense.
The state also presented a forensic report prepared by Dr. Susan Perry Dyer. The report indicated that Watts had been sexually abused as a child, that Watts had been accused of sexual abuse by another step-daughter, and that Watt's personality type commonly exhibited poor sexual adjustment. The report also stated that Watts had denied the extent of the molestation and the time period over which it had occurred and had abused his power in his relationship with his step-daughter. Although Dyer noted that the statistical rate of reoffending for "Mr. Watt's type of offending" is traditionally low, she also pointed out some factors indicating a high risk of recidivism in his case. These factors included Watts' spotty employment history, his difficulty in adult heterosexual relationships, his immaturity, his tendency to immerse himself in fantasy and daydream, and his tendency to decompensate under stress. Dyer did not offer an opinion as to whether Watts met the legal definition of a sexual predator.
In considering the statutory factors, the trial court noted that the victim was under the age of eighteen, that Watts had had a prior conviction for domestic violence, but no prior convictions for sexual offenses, and that rape is an offense of violence. The trial court also noted that there was some evidence that the sexual abuse took place over a period of time — namely, the seven month period specified in the indictment on the forcible rape count to which Watts pled guilty and the separate six year period specified in the indictment on the rape of a minor under age thirteen count to which Watts had originally pled guilty. The trial court stated that "[i]t's up to the court to find if there's sufficient evidence that there was a period of time during those two dates that the offense may have happened more than once." Other evidence tending to show that Watts had abused his step-daughter over a period of time included the fact that the grand jury found probable cause to indict Watts on seventeen offenses spanning seven years, Watts' admission to Dr. Dyer that he had had sexual intercourse with his step-daughter over a period of time, and Mrs. Watts' statement to the police, recounted in the presentence report, that she had discovered that her daughter had been raped by Watts many times over a seven year period. Although this evidence may not have been admissible at a trial, the trial court could have reasonably considered this evidence in determining whether Watts was a sexual predator. In our judgment, these proceedings are sufficiently akin to proceedings for sentencing and consideration of probation to come with the spirit of Evid.R. 101(C)(3). The effective date of R.C.2950.09 post dates the most recent amendment to Evid.R. 101.
In challenging the trial court's determination, Watts points out that the state's only witness, Hurt, admitted that his recommendation to classify Watts as a sexual predator was "purely subjective." The alleged subjectivity of Hurt's recommendation was based upon his concession that the Revised Code provides no guidance on how to weigh the R.C. 2950.09(B)(2) factors relevant to identifying sexual predators and that his recommendation was based upon his own assessment of the factors. In our view, this admission did not require the trial court to disregard Hurt's opinion. By its nature, the test adopted by the legislature — the weighing of specified factors along with any other relevant factors — invites some subjectivity and rejects the notion that some specific calculation serves to identify sexual predators. The trial court could have reasonably considered the probation officer's weighing of these factors in reaching its own determination. Watts also claims that there was no evidence to support Hurt's finding that the alleged abuse had occurred over a period of time, a finding upon which he had relied in making his recommendation. Hurt testified, however, that even if the offenses had not occurred over a period of time, he would have recommended that Watts be found to be a sexual predator based upon the violent nature of the offense. Moreover, there is no definitive showing that the trial court relied on Hurt's conclusion that the abuse occurred over a period of time, and the trial court stated its own rationale regarding the possibility of multiple offenses.
Watts also challenges the trial court's finding on the basis that the state did not present expert testimony about the factors to be considered in determining who is a sexual predator, "how each factor relates to the likelihood of a repeat offense[,] and how these same factors relate to each individual defendant." Watts did not raise this argument in the trial court. Watts contends on appeal that laypeople, including judges and attorneys, cannot analyze the statutory factors without expert testimony. This argument ignores the plain language of the statute which requires the judge to determine whether the offender fits the definition of a sexual predator. Expert testimony is among the types of evidence that may be offered by either party at the hearing required under R.C. 2950.09(B)(1), but the language of the statute does not require such evidence and, in any event, the presentation of such evidence would not require the court to adopt the expert's recommendation. Thus, Watts' assertion that the trial court could not have found him to be a sexual predator without expert testimony to that effect is without merit.
We find this case to be distinguishable from State v. Cook
(Aug. 7, 1997), Allen App. No. 1-97-21, unreported, cited in Watts' reply brief. Cook held that a presentence report, standing alone, was not a sufficient basis for a trial court's finding that an offender is a sexual predator because, by its nature, a presentence report is "hearsay evidence based upon hearsay evidence." Id. Moreover, the presentence report was not in the record in Cook. The appellate court reversed Cook's conviction because it had no evidence by which it could confirm that the trial court's finding was based upon clear and convincing evidence. Id. We are not presented with such circumstances here. Having reviewed the evidence before the trial court, we conclude that the trial court did not err in finding by clear and convincing evidence that Watts was a sexual predator.
The assignment of error is overruled.
The judgment of the trial court will be affirmed.
BROGAN, J. and FAIN, J., concur.
Copies mailed to:
Cheryl A. Ross
Bruce E. Hampton
Hon. David A. Gowdown